UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL MORALES HERNANDEZ, | ) | 1:08-cv-00254 LJO WMW (HC) |
| Petitioner, | ) ) | ORDER GRANTING PETITIONER'S MOTION TO ASK PERMISSION TO |
| v. | ) ) | EXHAUST STATE REMEDIES |
| DERRAL G. ADAMS, | ) ) | [Doc. #42] |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 12, 2007, Petitioner filed a First Amended Petition for Writ of Habeas Corpus alleging that Respondent violated federal equal protection laws by not correctly crediting Petitioner's work time hours. (Doc. #7).

On February 2, 2009, Respondent filed a motion to dismiss because Petitioner did not exhaust all of his state remedies. (Doc. #18).

On March 9, 2009, Petitioner filed the instant motion seeking this Court to stay his case while he exhausted his remedies in the state court. (Doc. #42).

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In the interest of comity, a state prisoner filing a federal habeas petition pursuant to § 2254 must first exhaust all state judicial remedies by allowing the highest state court available to have a full and fair opportunity to rule on the merits on each issue Petitioner seeks to raise in federal court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 518 (1982). Petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the questions presented." 28 U.S.C. § 2254(c).

In this case, the Court finds good cause to excuse Petitioner's failure to exhaust. The state courts denied the petition on procedural grounds and never examined the substantive issues presented in the petition. The last reasoned decision in this case, given by the California Court of Appeal, Sixth Appellate Division, denied the petition without prejudice, giving Petitioner the opportunity to re-file in superior court. It is appropriate for Petitioner return to state court so that the state court system can have a full and fair opportunity to rule on the merits. Therefore, the Court will grant a stay of the proceedings.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277. Petitioner must inform the Court no later than thirty (30) days after the date of service of this

order the cases that have been filed in state court, the date any cases were filed, and any outcomes.[1] Further, Petitioner must proceed diligently to pursue his state court remedies and must file a new status report every ninety (90) days thereafter as to the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion for leave to amend the petition but may not include any new or unexhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order advising the court of the cases that have been filed in state court, the date the cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his initial status report; and

5. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

Dated:   April 30, 2009              /s/  William M. Wunderlich
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The filing should be titled: "Status Report."