1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
10              EASTERN DISTRICT OF CALIFORNIA
11
ANGEL MORALES HERNANDEZ,              1:08-cv-00254 LJO MJS HC
12
                    Petitioner,
13                                    FINDINGS AND RECOMMENDATION
      v.                              REGARDING PETITION FOR WRIT OF
14                                    HABEAS CORPUS
15   DERRAL G. ADAMS,
16                   Respondent.
17   _____/

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.

20   **I.    BACKGROUND**

21          Petitioner is currently in the custody of the California Department of Corrections

22   pursuant to a June 18, 2001, judgment of the Superior Court of California, County of Kern,

23   (Am. Pet., ECF No. 7.)  Petitioner was sentenced to a determinate term of thirteen years

24   in prison on conviction of performing lewd and lascivious acts on a child under age

25   fourteen. (Id.)

26          On November 6, 2007, Petitioner filed a federal habeas petition which he later, on

27   December 12, 2007, amended.  Petitioner seeks  relief based on the denial of work time

28   credits under California Penal Code section 2933's allowance for day to day credit for

employment in prison.  On July 19, 2010, Respondent filed an answer to the petition. (Answer, ECF No. 62.)  Petitioner did not file a traverse.

## II.   STATEMENT OF FACTS[1]

On August 3, 2002, Petitioner was given a culinary prison work assignment. Petitioner worked full time in the position from August 3, 2002 until February 28, 2006. (Supp. to Am. Pet. at 3-4, ECF No. 8.)  Petitioner asserted that he was entitled to work time credits for his employment under California Penal Code 2933, and he filed an administrative remedy appeal on March 15, 2006 regarding the credits. (Id.) On March 21, 2006, a correctional counselor responded to the appeal, stating that any qualifying credits were credited to his release date, even though no credits were provided for Petitioner's time spent working.

On April 4, 2006, Petitioner filed another administrative appeal. On April 12, 2006, a correctional counselor responded to the appeal again stating that his release date reflected all of the credits to which he was entitled. Further, the response stated, "This screening action may not be appealed - do not write anymore on this appeal itself. You don't get ½ time." (Id; Ex.1, ECF No. 8-1.)

Petitioner filed several petitions for writs of habeas corpus in the California state courts. In his answer, Respondent asserts that the Petition should be denied based on: (1) Petitioner's failure to exhaust state remedies, (2) procedural default (3) Petitioner's failure to file within the one year statute of limitations, and (4) Petitioner's failure to state a cognizable federal claim.

## III.   DISCUSSION

### A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams

---

[1]The following facts are based on the assertions of Petitioner as stated in his amended petition.

v. Taylor, 529 U.S. 362, 375 n. 7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise from administrative appeal decisions at Corcoran State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). In this case, Petitioner alleges a loss of good time credits. Therefore, the Court has jurisdiction.

### B.   Standard of Review

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which became effective on April 24, 1996. Lockyer v. Andrade,  538 U.S. 63, 70, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  Under the AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, quoting 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., quoting Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

1    Finally, this Court must consider whether the state court's decision was "contrary to,

2    or involved an unreasonable application of, clearly established Federal law." Lockyer, 538

3    U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal

4    habeas court may grant the writ if the state court arrives at a conclusion opposite to that

5    reached by [the Supreme] Court on a question of law or if the state court decides a case

6    differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529

7    U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,'

8    a federal habeas court may grant the writ if the state court identifies the correct governing

9    legal principle from [the] Court's decisions but unreasonably applies that principle to the

10   facts of the prisoner's case." Williams, 529 U.S. at 413.

11   "[A] federal court may not issue the writ simply because the court concludes in its

12   independent judgment that the relevant state court decision applied clearly established

13   federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

14   Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should

15   ask whether the state court's application of clearly established federal law was "objectively

16   unreasonable."  Id. at 409.

17   Petitioner has the burden of establishing that the decision of the state court is

18   contrary to or involved an unreasonable application of United States Supreme Court

19   precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme

20   Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive

21   authority in determining whether a state court decision is objectively unreasonable.  See

22   Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

23   AEDPA requires that we give considerable deference to state court decisions.

24   "Factual determinations by state courts are presumed correct absent clear and convincing

25   evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state

26   court and based on a factual determination will not be overturned on factual grounds

27   unless objectively unreasonable in light of the evidence presented in the state court

28   proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).   Both

subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed

questions of fact and law.  See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

**III.    ANALYSIS OF CLAIMS**

      **A.   Good Time Credits**

    Petitioner contends that he has been denied good time credits provided  California

inmates under California Penal Code section 2933.

    This Court must look to the last reasoned state court decision, the Monterrey County

Superior Court's denial of Petitioner's state habeas petition on May 14, 2007. Ylst, 501 U.S.

at 801-06. That court, in pertinent part, held:

> In the instant petition, Petitioner claims that the California Department
> of Corrections and Rehabilitation is improperly denying him half-time credits.
>
> Petitioner's claim is without merit.
>
> Penal Code section 2933.1(a) reads as follows: "Notwithstanding any
> other law, any person who is convicted of a felony offense listed in Section
> 667.5 shall accrue no more than 15 percent of worktime credit, as defined
> in Section 2933."
>
> Here, Petitioner states that he was convicted of a violation of Penal
> Code section 288(a) (a lewd or lascivious act on a child under the age of 14).
> (See Petition, p.1.) An offense of a lewd or lascivious act on a child under the
> age of 14 is a felony offense listed in Section 667.5. Thus, Petitioner is
> ineligible for half-time credits, and the 15 percent limitation in section
> 2933.1(a) is applicable to him.
>
> To the extent Petitioner claims that his right to equal protection is
> being violated, his claim fails. Petitioner fails to show how he is similarly
> situated with other prisoners who are not convicted of felony offenses listed
> in Section 667.5.
>
> The petition is denied. (Answer, Ex. 8, ECF No. 63-1.)

    California has not created a protected liberty interest in earning credits for work. See

California Penal Code § 2933(c) ("Credit is a privilege, not a right"); Kalka v. Vasquez, 867

F.2d 546, 547 (9th Cir. 1989) ("section 2933 does not create a constitutionally protected

liberty interest"). Because Petitioner has no constitutionally protected liberty interest in

earning work time credit, an allegation that he is being deprived of the opportunity to earn

such credit cannot form a basis for habeas corpus relief.

    In order to state a due process claim, Petitioner must show that a constitutionally

protected liberty interest is implicated. <u>Baumann v. Arizona Dept. of Corrections</u>, 754 F.2d 841, 844 (9th Cir. 1985). A state may create a constitutionally protected liberty interest if it establishes regulatory measures that impose substantive limitations on the exercise of official discretion. <u>Hewitt v. Helms</u>, 459 U.S. 460, 470-72, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983), overruled in part by <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

However, a state prisoner does not have a liberty interest in a classification status under the Fourteenth Amendment. <u>Hernandez v. Johnston</u>, 833 F.2d 1316,1318 (9th Cir. 1987); <u>see</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (Due Process Clause not implicated by federal prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss").

Petitioner simply has no constitutional right to a particular classification or to earn credits. Because Petitioner has not shown a violation of the Federal Constitution, petitioner is not entitled to habeas corpus relief. <u>See</u> 28 U.S.C. § 2254 (habeas corpus available for violations of the Constitution or federal law.) Therefore the state court's denial of Petitioner's due process claim was neither contrary to, nor an unreasonable application of, clearly established law. <u>See</u> 28 U.S.C. § 2254(d); <u>Williams</u>, 529 U.S. at 412-13.

**III.   OTHER  ASSERTED GROUNDS FOR DENYING PETITION**

Respondent also asserts that the petition should be denied based on failure to exhaust state judicial remedies, procedural default, the statute of limitations. As the Court has determined that Petitioner is not entitled to relief on the merits of the petition, the Court need not address the other grounds for dismissal raised by Respondent. An application may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2).

**IV.   RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     The instant petition for writ of habeas corpus be DENIED; and

2.     The Clerk of Court be DIRECTED to enter judgment in favor of Respondent.

1    This Findings and Recommendation is submitted to the assigned United States

2    District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

3    304 of the Local Rules of Practice for the United States District Court, Eastern District of

4    California.  Within thirty (30) days after being served with a copy, any party may file written

5    objections with the court and serve a copy on all parties.  Such a document should be

6    captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to

7    the objections shall be served and filed within fourteen (14) days after service of the

8    objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

9    § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

10   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

11   1153 (9th Cir. 1991).

12

13   IT IS SO ORDERED.

14   Dated:   December 6, 2010          /s/ Michael J. Seng
                                         UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-